Law Offices of Beles & Beles
Robert J. Beles Bar no. 41993
One Kaiser Plaza, Suite 2300
Oakland, California 94612-3642
Tel No. (510) 836-0100
Fax. No. (510) 832-3690

Attorney for *Defendant*
RYAN ROSENTHAL

United States District Court
Northern District of California
Oakland Division

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>*Plaintiff,*<br>vs.<br><br>RYAN ROSENTHAL,<br><br>*Defendant.* | No. **17-CR-0133 JST**<br><br>SENTENCING MEMORANDUM; EXHIBITS A AND B<br><br>Date:         October 26, 2018<br>Time:        9:30 AM<br>Courtroom: 2, 4th Floor, Honorable Jon S. Tigar, Judge |

### SENTENCING MEMORANDUM

#### 1. Introduction.

Defendant is on for sentencing on a negotiated plea to 18 U.S.C. § 2252(a) – Receipt of Child Pornography (Count One) and 18 U.S.C. § 2422(b) – Coercion and Enticement (Count Two). He has entered into a Rule 11(c)(1)(C) agreement in which the parties have agreed to a guideline offense level of 37 and a recommended sentence of 135 months imprisonment, lifetime supervised release, a mandatory special assessment of $10,200 and restitution to be determined by the Court. The Rule 11(c)(1)(C) agreement contains an expanded search condition but the parties have not agreed on any other conditions.

The guideline sentencing range for an offense level of 37 is 210-262 months, assuming a criminal history score of 0-1. The presentence report calculates defendant's criminal history score at 0.

The presentence report concurs with the guideline offense level calculation in the plea

agreement and recommends a downward variance from the guidelines to 135 months

## 2. This court should follow the presentence report's recommendations and impose a sentence of 135 months.

The court should impose a sentence of no more than 135 months, even though the recommended guideline sentencing range is 210-262 months.

1. The probation report lists the following factors in support of a below guideline sentence of 135 months: defendant's childhood history of trauma including the loss of his father, early onset of alcohol consumption at age 12 (induced by a domineering uncle after his father died), very early exposure to adult pornography at age 8, willingness to participate in therapy, and lifetime supervised release.

2. In addition, the defense psychological assessment by Dr. Coles (Exhibit A), shows that defendant is not a pedophile and has "a very low risk for sexual reoffense." Regarding Dr. Coles' conclusion that defendant is not a pedophile, Dr. Coles noted the complete absence of any child pornography in defendant's possession except for the images of the two minor victims involved, that the two victims were not pre-pubescent children, and that defendant has had a history of relationships with adult females. Dr. Coles found that there are "no significant psychopathology in his psychological functioning" and has no antisocial personality traits. Dr. Coles concludes that "sex offender treatment both in prison and in the community when he paroles, would like[ly] reduce his risk for sexual reoffense even lower than his already low risk level."

3. In his letter to the court (Exhibit B), defendant has accepted responsibility and expressed remorse for his conduct. Defendant said he did not intend to harm the victims but now realizes that he did, has gained insight, and will not engage in such conduct again.

## 3. The court should consider not imposing certain of the conditions recommended in the presentence report.

As the plea agreement calls for lifetime supervised release, recommended conditions are potentially lifetime conditions:

**Condition 11** -- Ban on accessing adult pornography without prior approval of the probation officer: This condition is too broad. Defendant's offenses didn't involve adult

pornography and is pure speculation that his viewing legal adult pornography would increase the risk of reoffense.

**Condition 12 -- 100 foot proximity ban re "playgrounds, theme parks, public swimming pools, schools, arcades, children's museums or other specific locations as designated by the probation officer."** Defendant's mother's home at 8016 Rhea Vista Drive, Whittier, CA 90602 is approximately 500 feet from the Lydia Jackson Elementary School. This location should be excluded from the proximity ban. Regarding playgrounds, theme parks, and public swimming pools, defendant should be permitted to go to these places at the discretion of the probation officer.

**Condition 19 -- Ban on alcohol use:** The offenses did not involve the use of alcohol and there is no connection between use of alcohol and the crime. While the presentence report mentions some past problem with alcohol, an "addictive personality", and that defendant completed a substance abuse program while incarcerated, defendant had a successful career as a district manager and has not been diagnosed as an alcoholic or compulsive drinker. The presentence report also mentions that defendant quit drinking after a friend of his was killed by a drunk driver. Any restriction on alcohol use should be at the discretion of the probation officer.

Dated: Oakland, California, Friday, October 19, 2018.

Robert J. Beles
Attorney for Defendant