ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

MEREDITH B. OSBORN (CABN 250467)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-6774
  meredith.osborn@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br>  </br> Plaintiff, </br>  </br> v. </br>  </br> RYAN ROSENTHAL, </br>  </br> Defendants. | CASE NO. CR 17-00133 JST </br>  </br> **UNITED STATES' SENTENCING MEMORANDUM** </br>  </br> Sentencing Date:   October 26, 2018 at 9:30 a.m. |

## I. INTRODUCTION

The government submits this memorandum in advance of the sentencing hearing for defendant Ryan Rosenthal ("defendant"). The defendant was charged with one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), and one count of coercion and enticement in violation of 18 U.S.C. § 2422(b), by superseding information on April 5, 2018.

The parties entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, pursuant to which defendant entered guilty pleas to both charges on April 6, 2018. The parties agreed to a sentence of 135 months imprisonment, a lifetime term supervised release (with conditions to be fixed by the Court), $10,200 in special assessments, and that the Court impose special conditions of supervised release, including a suspicionless search condition and computer monitoring.

USA SENTENCING MEMO
CR 17-00133 JST

As discussed further below, the need to protect the public from further crimes of the defendant and to afford adequate deterrence weigh in favor of accepting the plea agreement and imposing the agreed-upon sentence.

## II. FACTUAL BACKGROUND

### A. Defendant's Conduct

The government agrees that defendant's offense conduct is as described in the Presentence Report and the Plea Agreement. Presentence Report ("PSR") ¶¶ 7-16.

### B. Defendant's Criminal History

The government agrees with the criminal history category set forth in the Presentence Report. PSR ¶ 48.

## III. PENALTIES

### A. Statutory Penalty Range

The government agrees with the statutory penalties as set forth in the Presentence Report. PSR ¶ 76. The maximum penalties for count one, 18 U.S.C. § 2252(a)(2), are 20 years imprisonment and a lifetime term of supervised release; the minimum term of imprisonment is 5 years, and the minimum term of supervised release is 5 years. The maximum penalties for count two, 18 U.S.C. § 2422(b), are lifetime imprisonment and lifetime supervised release; the minimum prison term is 10 years and a minimum 5 years of supervised release.

### B. Guidelines Range

The government agrees with the Sentencing Guidelines calculation as described in the Presentence Report. PSR ¶ 77. Specifically, the government agrees that the total offense level is 37 and defendant's criminal history category is I, yielding an applicable Guidelines imprisonment range of 210 to 262 months of imprisonment for counts one and two. *Id.* The government also agrees that the applicable Guidelines range for supervised release is five years to lifetime. PSR ¶ 78.

## IV. LEGAL AUTHORITY

### A. Legal Standard for Determining the Sentence

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520

F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id*. The Sentencing Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Kimbrough*, 552 U.S. 85, 108 (2007) (quoting *United States v. Gall*, 552 U.S. 38, 49 (2007)), and are to be kept in mind throughout the process. *See Gall*, 552 U.S. at 50, n. 6. As noted by the Ninth Circuit, the Supreme Court has "clarified that we may attach a presumption of reasonableness to sentences falling within the Guidelines range." *United States v. Saeturn*, 504 F.3d 1175, 1178 (9th Cir. 2007) (emphasis added). After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for defendant, the Court should consider these factors, among others:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)  the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4)  the need for the sentence imposed to protect the public from further crimes of the defendant;

(5)  the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The Rule 11(c)(1)(C) plea agreement entered into by the parties "is contingent until the court accepts" it. *Freeman v. United States,* 564 U.S. 522, 529-30 (2011) (plurality opinion). The Court may accept the agreement, reject the agreement, or wait to consider the agreement until it has reviewed the presentence report. *See* Fed. R. Crim. P. 11(c)(3). If the Court accepts the agreement, it must impose the

recommended sentence. *See* Fed. R. Crim. P. 11(c)(4). "If the Court ultimately rejects the agreement, it must give the defendant the opportunity to withdraw his plea." *United States v. Heredia*, 768 F.3d 1220, 1227 (9th Cir. 2014) (citing Fed. R. Crim. P. 11(c)(5)).

Section 6B1.2 of the United States Sentencing Guidelines ("USSG") "forbids the district judge to accept a Rule 11(c)(1)(C) agreement without first evaluating the recommended sentence in light of the defendant's applicable sentencing range." *Freeman*, 564 U.S. at 529. The Court may accept the Rule 11(c)(1)(C) agreement "only if the court is satisfied either that such sentence is an appropriate sentence within the applicable guideline range or, if not, that the sentence departs from the applicable guideline range for justifiable reasons." USSG § 6B1.2 commentary; *cf. Stinson v. United States,* 508 U.S. 36 (1993) (Guidelines commentary is authoritative).

## V.   SENTENCING RECOMMENDATION

### A.   Imprisonment

The government respectfully requests that the Court accept the plea agreement and sentence the defendant to 135 months of imprisonment. The Probation Office concurs with this disposition. PSR Sentencing Recommendation at 2. This is an appropriate sentence given the seriousness of the offense, the need to protect the public from further crimes of the defendant, and the need for the sentence to afford adequate deterrence to criminal conduct.

### B.   Supervised Release

The government respectfully requests that the Court accept the parties' plea agreement and sentence the defendant to a lifetime term of supervised release.

The government and the Probation Office agree that special terms of supervised release are appropriate – including a suspicionless search condition and computer monitoring conditions. PSR Sentencing Recommendation at 3-4.  The government further requests that the Court impose these conditions as part of the agreed-upon sentence.  Defendant was arrested for the conduct with the Arkansas victim, and yet committed the offense involving the California victim.  This demonstrates the need for enhanced monitoring of defendant while he is on supervised release.

### C.   Fine

The government agrees with the Probation Office's calculation of the fine range as $40,000 to

$250,000. PSR ¶ 84.  The government agrees that the defendant does not appear to have the ability to pay the fine, and so it should be waived.

## VI. CONCLUSION

Under the applicable provisions of the Sentencing Guidelines and the factors of 18 U.S.C. § 3553(a) as applied to this defendant and this criminal conduct, the government requests that the Court accept the parties' plea agreement and impose a sentence of 135 months of imprisonment and a lifetime term of supervised release.

The government also requests that the Court impose the special conditions of supervised release as set forth in the PSR Sentencing Recommendation.

Finally, the government requests that the Court order defendant to pay a $200 special assessment.

DATED: October 19, 2018                           Respectfully submitted,

ALEX G. TSE
United States Attorney

*/s/ Meredith Osborn*
MEREDITH B. OSBORN
Assistant United States Attorney